IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON CLARK, | ) | CASE NO. 1:09 CV 1926 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEITH SMITH, Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral is the petition of Jason Clark for a writ of habeas corpus under

28 U.S.C. § 2254.[1]  Clark is incarcerated at Mansfield Correctional Institution in Mansfield,

Ohio,[2] from where he filed his petition, and is currently serving an eight-year prison term for

four separate counts of rape.[3]  Following his conviction, the state trial court classified Clark

as a sexual predator.[4]

---

[1] ECF # 1.

[2] *Id.*

[3] ECF # 9, Attachment 2 at 1-4 (Cuyahoga County Common Pleas Indictment).

[4] ECF # 9 at 2.

In 2006, Clark was indicted for the previous counts of rape, to which he pled not guilty[5] and moved for an Ohio Criminal Rule 29 acquittal.[6] The court denied Clark's motion[7] and imposed his eight-year sentence, as well as his sexual predator classification in 2007, after a jury found him guilty at Cuyahoga County, Ohio, Common Pleas Court.[8]

Clark asserts two grounds for relief, contending:  (1) denial of due process when the State failed to prove with sufficient evidence each element of the offenses charged, and (2) violation of due process and equal protection because the sexual predator statute is unconstitutional.[9]  In response to Ground One, the State maintains that Clark failed to demonstrate that the decision of the state court of appeals was unreasonable under the AEDPA standard of review; thus, his due process rights were not violated.[10]  In response to Ground Two, the State argues that Clark's sexual predator status fails to place him in custody regarding a federal issue.[11]

I recommend that Clark's grounds for relief be denied in part and dismissed in part.

---

[5] *Id*.

[6] *Id.*

[7] *Id*.

[8] ECF # 9, Attachment 2 at 8.

[9] ECF # 9 at 4.

[10] *Id.* at 16.

[11] *Id*. at 10.

## Facts

**A.     Underlying facts and state trial**

The underlying facts as found by the Ohio appellate court are not disputed.[12]  The victim lived with her sister, her sister's infant son, and the victim's infant daughter.[13]  The victim's sister was dating Clark, the father of the sister's son.[14]

In April 2006, Clark moved in with the women after his release from prison.[15]  At the time of the rapes, the 19 year old victim testified that she had known Clark for seven years, as he lived in the neighborhood and dated her sister.[16]  Near the end of June, the victim enrolled in a nine week program to become a manicurist that required her to attend classes from 9:00 a.m. to 5:00 p.m. every day.[17]  After attending classes, the victim then worked until 3:00 a.m. at a nearby restaurant.[18]  She testified that when she eventually went to sleep at night, she was so exhausted that she slept deeply.[19]

---

[12] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[13] ECF # 9, Attachment 2 at 107.

[14] *Id*. at 107-08.

[15] *Id*. at 108.

[16] *Id.*

[17] *Id*.

[18] *Id*.

[19] *Id*.

Sometime after July 4, 2006, the victim was in a deep sleep when Clark awakened her by putting his finger in her vagina.[20]  On the night of the rape, she wore a nightgown and underwear that Clark had to move in order to commit the sexual act.[21]  After the victim awoke, she saw Clark sitting on her bed and told him it was wrong to touch her.[22]  The victim then asked Clark what he was doing in her room, but he simply left without responding.[23]  The next morning the victim never told anyone what had occurred because she felt scared, violated, and ashamed.[24]

Around mid-August, 2006, Clark violated the victim again while she was in a deep sleep.[25]  The victim felt her pajama bottoms tightening and twisting, and then felt a fingernail in her vagina.[26]  When she awoke, Clark was sitting on her bed with his hand on her vagina.[27]  After the victim told Clark that what he was doing was wrong, she then asked him, "why he was doing this."[28]  Clark left the room without responding.[29]

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 108-09.

[28] *Id.* at 109.

[29] *Id.*

Although the victim did not tell her sister about the incidents right away because she was scared, she eventually told her.[30]  The victim's sister then confronted Clark, who responded "this go way back," and that the victim had liked him for a long time.[31]  The sister stated that she had seen Clark leaving the victim's room on two occasions.[32]  When she questioned Clark, he stated that he was turning off the television and adjusting the victim's covers.[33]  She suspected something was wrong with the victim due to her recent introverted behavior, moodiness, and hair loss.[34]  Clark moved out of the home at the sister's request. He continued to walk past the house, however, taunting the victim by stating that he did nothing wrong and that nothing was going to happen to him.[35]

During the second week of September, the victim's family confronted Clark as he walked past the house.[36]  After the family asked Clark why he abused the victim, he responded that, "If she laying in the bed naked, I'm in there."[37]  Subsequent to this confrontation, the family called the police to report the sexual conduct against the victim.[38]

---

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

Clark was indicted by the September, 2006 Term of the Cuyahoga County, Ohio Grand Jury on two separate counts of rape by force or threat of force in violation of Ohio Revised Code § 2907.02(A)(2) on different dates, and two separate counts of rape while the victim was substantially impaired by reason of a mental or physical condition in violation of Ohio Revised Code § 2907.02(A)(1)(C) on different dates.[39]  After a jury returned a guilty verdict on all counts, Clark moved for an acquittal, which the trial court denied.[40]  The court sentenced Clark to a total of eight years in prison[41] and classified him as a sexual predator.[42]

## B.    Direct appeal

Clark filed a timely,[43] *pro se* notice of appeal to the Eighth District of Appeals, Cuyahoga County.[44]  Clark filed his brief on December 21, 2007, now represented by attorney Thomas Rein, and raised three assignments of error:

> 1.    The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction.[45]

---

[39] ECF # 9, Attachment 2 at 1-4.

[40] ECF # 9 at 2.

[41] *Id*.

[42] *Id*.

[43] ECF # 9, Attachment 2 at 11 (notice of appeal) and 154 (Ohio Supreme Court's denial/dismissal of appeal).

[44] *Id*.

[45] *Id*. at 42.

2.     Appellant's conviction is against the manifest weight of the evidence.[46]

3.     The trial court erred when it classified appellant as a sexual predator.[47]

The State responded in opposition, and the Court of Appeals affirmed the conviction and judgment of the trial court.[48]

On August 25, 2008, Clark filed a *pro se* notice of appeal and memorandum in support to the Ohio Supreme Court.[49]  On August 26, 2008, Clark, now represented by attorney Paul Mancino, asserted the following propositions of law:

1.     The mere movement of clothing does not constitute force or threat of force so as to support a conviction of rape.[50]

2.     The state of sleeping does not constitute a mental or physical condition to support the offense of rape under § 2907.02(A)(1)(C) of O.R.C.[51]

3.     A defendant has been denied due process of law when the court determines defendant to be a sexual predator without considering all of the statutory criteria.[52]

4.     A defendant has been denied due process of law where the indictment fails to allege a culpable mental state.[53]

---

[46] *Id*. at 44.

[47] *Id*. at 47.

[48] *Id*. at 122.

[49] *Id*. at 124.

[50] *Id*. at 149.

[51] *Id*.

[52] *Id*. at 150.

[53] *Id*. at 151.

The State waived its response, and the Ohio Supreme Court dismissed the appeal as to not involving any substantial constitutional question.[54]

## C.  Federal habeas petition

On August 17, 2009, Clark filed a petition for habeas corpus under 28 U.S.C. § 2254 asserting two grounds for relief:

> Ground One:  Denial of due process when the state failed to prove with sufficient evidence each element of the offenses charged.[55]
>
> Supporting Facts:  The state failed to prove beyond a reasonable doubt that the petitioner committed rape under R.C. § 2907.02(A)(1)(c), when there was no evidence that the petitioner used force or threat of force to commit the act of rape.  There was no evidence that Marie was bleeding, was bruised, or suffered trauma; thus there was no evidence of "force."  During these alleged incidents the victim went back to sleep, and did not awake until the next morning.  The "compelling" and "force" elements are lacking and counts one and three should be vacated.  Under (A)(1), nothing was evidenced that the alleged victim suffered a "mental or physical condition," or that she did not have the ability to resist or consent, when sleeping is not a mental or physical condition.  Thus, the state did not meet its burden of proof.[56]
>
> Ground Two:  Violation of due process equal protection.[57]
>
> Supporting Facts:  The trial court found the defendant to be a sexual predator without considering that he is not likely to commit further sexual offenses in the future. The State failed to present clear and convincing evidence that the defendant would re-offend.  The trial court did not follow R.C. § 2960.09 et seq. when declaring defendant a sexual predator by not requiring the

---

[54] *Id*. at 154.

[55] ECF # 9 at 4.

[56] *Id*.

[57] *Id*.

requisite amount of proof by a preponderance of the evidence that the defendant would re-offend in the future.[58]

The State filed a return of the writ arguing that Clark's claim in Ground One is lacking in merit and must be denied, since he has failed to demonstrate that the decision of the state court of appeals was unreasonable under the AEDPA standard of review.[59]  The State argues that, on a claim challenging the sufficiency of evidence, the petitioner is entitled to relief only if it is found "that upon the record of evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[60]  The State asserts that the evidence is to be viewed in the light most favorable to the government, and every reasonable inference from the evidence presented must be drawn in favor of the prosecution.[61]  According to the State, the record shows that on two occasions, Clark inserted his finger into the victim's vagina; thus, he had to manipulate her clothing in order to engage in the sexual act.[62]  As held by the court, the manipulation of a sleeping victim's clothing constitutes force.[63]

As concerns Ground Two, the State argues that the court need not entertain Ground Two because a person adjudicated as a sexual predator is not subject to a sentence, *i.e.*, imprisonment or probation; thus, the "in custody" requirement for filing a writ of habeas

---

[58] *Id*. at 4-5.

[59] *Id*. at 13.

[60] *Id*. at 16.

[61] *Id*.

[62] *Id*. at 18.

[63] *Id*.

corpus is unsatisfied.[64]  Also, petitioner is challenging the validity of a state statute regarding the sexual predator classification, which is not a federal matter.[65]

Clark responded with a traverse, in which he argues that the facts of the case do not align with the elements of rape under Ohio law and are insufficient to prove the elements of rape under the principles in *Jackson v. Virginia.*[66]  Clark declares that nothing in the record proves that Clark moved her clothing to complete digital penetration.[67]  Clark claims that the court of appeals made an unreasonable determination of the facts in light of the evidence to determine Clark's sufficiency of evidence claim.[68]  Clark contends that the record contains no evidence that the victim wore underwear or that Clark was the cause of the shorts "tightening up and twisting."[69]

## Analysis

### A.    Preliminary issues

As a preliminary matter, regarding Ground One, I observe that the parties do not dispute, and my own review establishes that:  (1) Clark was in state custody in Ohio pursuant to his conviction and sentence in that state at the time he filed the present petition for federal

---

[64] *Id*. at 10.

[65] *Id*.

[66] ECF # 11 at 2.

[67] *Id*.

[68] *Id*. at 4.

[69] *Id*.

habeas relief; thus, establishing jurisdiction in this court over that petition;[70] (2) the present petition was filed within one year of the conclusion of his state review, as required by 28 U.S.C. § 2244(d)(1); and (3) the ground for relief presented here has been totally exhausted in the Ohio courts.[71]  Thus, I recommend finding that these predicates to habeas review for Ground One have been met.

Moreover, I note that Clark has not asked for an evidentiary hearing.[72]  Since the factual record is not contested in any material respect, I recommend finding that no evidentiary hearing is warranted here.[73]

## B.    Standard of review

### 1.    *Contrary to, or unreasonable application of, clearly established federal law*

Under 28 U.S.C. § 2254(d)(1), when the federal habeas claim was adjudicated on the merits by the state court, the writ may not issue from the federal court unless the state decision at issue was either "contrary to," or involved in an "unreasonable application of," clearly established federal law.

As is now well-established, the terms "contrary to" and "unreasonable application of" are not identical.  The words "contrary to" are to be understood as meaning "diametrically

---

[70] U.S.C. § 2254(a); *Garolette v. Fordice*, 515 U.S. 39, 43-44 (1995).

[71] U.S.C. §§ 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

[72] *See*, U.S.C. § 2254(e)(2).

[73] *See*, *Reynolds v. Bagley*, 498 F.3d 549, 552 (6th Cir. 2007).

-11-

different, opposite in character or nature, or mutually opposed."[74]  Under the "unreasonable application" language, a federal habeas court may grant relief only if the state court correctly identifies the governing legal principle applicable to the petitioner's claim but then unreasonably applies that principle to the facts of the petitioner's case.[75]  The proper inquiry under this clause on habeas review is whether the state court decision was "objectively unreasonable," not simply erroneous or incorrect.[76]  In addition, when analyzing the state court adjudication under either of these tests, the federal habeas court must locate clearly established federal law in the holdings of the United State Supreme Court.[77]

**2.      *Sufficiency of the evidence/due process***

a.      *The clearly established federal law of Jackson v. Virginia*

According to the Supreme Court in *Jackson v. Virginia*, the standard for an insufficient evidence claim is that, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[78]  In viewing the evidence in a light most favorable to the government, every reasonable inference from that evidence must be drawn in favor of the

---

[74] *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[75] *Id.* at 407-08.

[76] *Id*. at 409-11.

[77] United States Constitution, Art. I, § 10, Clause 1.

[78] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

-12-

prosecution.[79]  Habeas relief will apply if the insufficient evidence resulted from the state court's decision that was contrary to, or an unreasonable application of the facts in light of the evidence presented.[80]  If this is the case, the state court's decision must be "objectively unreasonable," not erroneous or incorrect.[81]

b.    *The State did not misapply the Jackson standard.*

The appellate court correctly identified *Jackson* as the controlling case.[82]  Clark attacks the court's application of *Jackson* on two bases.  First, he argues that the state court improperly interpreted the statute under which he was convicted.[83]  Second, he asserts that even if the court properly interpreted the standard, the facts at trial do not support a guilty verdict.[84]

Regarding counts one and three of the indictment, the appellate court upheld Clark's conviction for rape by force or threat of force in violation of Ohio Revised Code § 2907.02(A)(2) on different dates.[85]  Section 2907.02(A)(2) provides that "no person shall engage in sexual conduct with another when the offender purposely compels the other person

---

[79] *Id.*

[80] 28 U.S.C. § 2254(d)(1).

[81] *Williams*, 529 U.S. at 409-11.

[82] *Jackson*, 443 U.S. at 324.

[83] *See*, ECF # 11 at 3-5.

[84] *See*, *id.*

[85] *Id.* at 1-4.

to submit by force or threat of force."[86]  The verdict at trial supported that on two occasions, Clark inserted his finger into the sleeping victim's vagina;[87] thus, he had to manipulate her clothing in order to commit the sexual act.  Although Clark maintains that such "manipulation" does not constitute force under the statute, the Ohio appellate court has ruled otherwise.[88]  This interpretation of the state law by the state court controls for purposes of *Jackson* analysis.

Second, concerning counts two and four of the indictment, the appellate court affirmed Clark's conviction for rape while the victim was substantially impaired by reason of a mental or physical condition in violation of Ohio Revised Code § 2907.02(A)(1)(C) on different dates.[89]  Section 2907.02(A)(1)(C) states that "[n]o person shall engage in sexual conduct with another *** when [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition [...]."[90]  The verdict at trial supported that on two occasions Clark raped the victim while she was sleeping and unable to consent to such sexual interaction.  Clark asserts that sleeping does not constitute a mental or physical

---

[86] Ohio Rev. Code § 2907.02(A)(2).

[87] ECF # 9, Attachment 2 at 108.

[88] *See*, *State v. Graves*, 179 Ohio App. 3d 107, 900 N.E.2d 1045 (Ohio Ct. App. 2008); *see also*, *State v. Fortson*, 2010 WL 2106010 (Ohio Ct. App. 2010) (citing a collection of state court decisions holding that the manipulation of a sleeping victim's clothing constitutes force).

[89] *Id*.

[90] Ohio Rev. Code § 2907.02(A)(1)(C).

-14-

condition sufficient to violate § 2907.02(A)(1)(C).[91] Conversely, Ohio appellate courts have held that sleep does constitute such a mental or physical condition that prevents one from consenting or resisting sexual conduct.[92] According to the Supreme Court in *Estelle v. McGuire*, federal habeas courts do not grant relief based on a petitioner's belief that the state misinterpreted state law.[93] Thus, the state appellate court's interpretation of the state statute controls here.

Furthermore, Clark contests insufficiency of the evidence claims based on disagreements with the factual determination of the jury. A rational trier of fact could have found sufficient evidence to convict Clark based on the testimony of the victim and her sister as noted by the appellate court. The state court's decision; therefore, constitutes a reasonable application of the clearly established federal law set forth in *Jackson*.

### 3.    *Sexual predator classification does not constitute custody*

a.    *Leslie v. Randle*

28 U.S.C. § 2254(a) states that, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the constitution, laws or treatises of the United States."[94] According to the Sixth Circuit decision in *Leslie v. Randle*, Clark's

---

[91] ECF # 11 at 4-6.

[92] *Graves*, 179 Ohio App.3d 107, 900 N.E.2d 1045; ECF # 9 at 1-5.

[93] *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).

[94] 28 U.S.C. § 2254(a).

claim that he was wrongfully deemed as a sexual predator does not place Clark in custody as the result of violating a federal law.[95]

As explained in *Leslie*, a prisoner incarcerated for rape is not "in custody" for purposes of challenging the constitutionality of a state sexual predator statute that does not restrict the prisoner's freedom or movement once he is released from prison.[96] After one is convicted of rape, the court must determine whether to classify the sex offender as: (1) sexually oriented offender; (2) habitual sex offender; or (3) sexual predator.[97] A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[98] A sexual predator is not subject to a sentence, imprisonment, or probation, but is subject to registration upon initial release from prison, periodic verification of address, registration before moving to a different jurisdiction, etc.[99] Sexual predator registrations are considered a collateral consequence of conviction, rather than a severe restraint on liberty; thus, sex offenders fail to satisfy the "in custody" requirement for habeas review by a federal court.[100]

---

[95] *See*, *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002).

[96] *Id.*

[97] *See*, Ohio Rev. Code § 2950; *State v. Cook*, 83 Ohio St. 3d 404, 406-07, 700 N.E.2d 570, 574-75 (1980).

[98] Ohio Rev. Code § 2950.01(E).

[99] Ohio Rev. Code § 2950.

[100] *Leslie*, 296 F.3d at 522-23.

Furthermore, Clark challenges the constitutionality of the Ohio state sexual predator statute, which is not an issue that can be raised in habeas court.  One may properly challenge the constitutionality of such a statute through 42 U.S.C. § 1983, as explained in the concurring opinion in *Leslie*.[101]  Clark  may not do so, however, in a federal habeas action.[102]

Clark's challenge to his classification as a sexual predator and to the constitutionality of the sexual predator classification statute is not cognizable in habeas actions.  Ground Two of the petition; therefore, should be dismissed.

## Conclusion

For the foregoing reasons, I recommend that the petition of Jason Clark for a writ of habeas corpus be denied in part and dismissed in part.

Dated:   July 8, 2010                                        s/ William H. Baughman, Jr.
                                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[103]

---

[101] *Id.* at 523.

[102] *Id.*

[103]*See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).